WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathan Garcia, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>Elite Property Service LLC, *et al.*,<br><br>  Defendants. | No. CV-21-01848-PHX-JJT<br><br>**ORDER** |

Plaintiffs Jonathan Garcia, Brian Garcia, and Isaias Martinez have filed a Motion for Default Judgment (Doc. 19, "Mot.") against nine named Defendants pursuant to Federal Rule of Civil Procedure 55(b). Defendants have not filed a response. For the following reasons, the Court finds that default judgment is appropriate in this case.

**I.   Background**

Plaintiffs filed the instant action in federal court on November 3, 2021. (Doc. 1, Compl.) Defendants are six Arizona construction companies and three individuals who are alleged to be the owners and managers thereof. (Compl. at 4–9.) Plaintiffs assert that they were employed by Defendants as laborers throughout 2021 and that Defendants failed to pay them both regular and overtime wages. (Compl. at 9–11.) The individual Defendants are A. Jared McCabe ("Jared"), Julie McCabe, and Jordyne McCabe. Plaintiffs allege that all three individuals are Arizona residents, that Jared owns the six Defendant companies, that Jared and Jordyne act as managers, and that Jared's ownership interest is imputed to his wife Julie by Arizona's community property laws. Additionally, Plaintiffs argue that

Defendants acted jointly throughout the employment period and that each Defendant authorized and ratified the actions of the others. (Compl. at 8.) The Complaint requests relief under both the federal Fair Labor Standards Act (FLSA) and the Arizona Wage Statute. (Compl. at 11–14.) Plaintiffs served Defendants on November 8, 2021, but Defendants did not respond or otherwise answer. (Docs. 8–16.) Accordingly, the Clerk of Court entered Defendants' default the following month. (Doc. 18.)

## II.     Default Judgment

After the Clerk of Court enters default, the Court may enter default judgment pursuant to Rule 55(b). The Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The Court considers the following factors in deciding whether default judgment is warranted: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Having reviewed the complaint and default judgment motion, the Court finds that the *Eitel* factors favor default judgment against Defendants.

### A.     Possible Prejudice to Plaintiffs

The first *Eitel* factor weighs in favor of default judgment. Defendants failed to respond to the Complaint or otherwise appear in this action despite being served with the Complaint, the Application for Entry of Default (Doc. 17), and the Motion for Default Judgment. The Court is satisfied that if Plaintiffs' motion is not granted, Plaintiffs "will

likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This prejudice to Plaintiffs supports the entry of default judgment.

### B.     Merits of the Claim and Sufficiency of the Complaint

The second and third *Eitel* factors (so grouped in Plaintiffs' supporting briefing) favor default judgment where, as in this case, the Complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standards. *See id*. at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). Plaintiffs seek relief pursuant to A.R.S. § 23-355(A), which provides that "if an employer, in violation of this chapter, fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." Each Plaintiff has alleged with specificity the hours that he worked and the hourly wage that he should have been paid, and these allegations are supported by sworn affidavits signed by each Plaintiff. (Compl. at 9–11; Docs. 19-1, 19-2, 19-3.) Because the well-pled factual allegations of the Complaint are deemed true upon default, *see Geddes*, 559 F.2d at 560, Plaintiffs have shown that Defendants violated A.R.S. § 23-355(A).

Plaintiffs also assert an FLSA overtime claim under 29 U.S.C. § 216(b), which provides that "[a]ny employer who violates the provisions of [29 U.S.C. § 207] shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." Section 207 of the FLSA applies to employers and employees "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Plaintiffs have alleged that their work for Defendants involved both commerce and the handling of goods produced for commerce. (Compl. at 9.) Each Plaintiff has further alleged with specificity his base wage and the unpaid overtime that he worked during the relevant employment period. Because the truth of Plaintiffs' well-pled factual allegations must be accepted as true, Plaintiffs have shown that Defendants violated the FLSA. Thus, the second and third factors favor default judgment.

### C. Amount of Money at Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Plaintiffs seek a combined sum of $11,250 for Defendants' failure to pay both base and overtime wages. (Mot. at 4–5.) The requested damages are set by statute, and the specific amount of money sought in this case is not high. Defendants' violation of state and federal labor law is serious enough to justify a default judgment of this amount. *See Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *5 (D. Ariz. Dec. 2, 2019). Accordingly, the fourth factor favors default judgment.

### D. Possible Dispute Concerning Material Facts

In light of the sufficiency of the complaint and Defendants' default, "no genuine dispute of material facts would preclude granting Plaintiffs' motion." *PepsiCo*, 238 F. Supp. 2d at 1177. The fifth *Eitel* factor favors default judgment.

### E. Whether Default Was Due to Excusable Neglect

Plaintiffs properly served all nine Defendants in this action. (Docs. 8–16.) Moreover, Defendants corresponded with Plaintiffs via email regarding this action after Plaintiffs had applied for entry of default. (Doc. 19-4 at 3.) Because Defendants received both proper service and actual notice of this case, their failure to answer and the resulting default were unlikely to have been due to excusable neglect. Therefore, the sixth *Eitel* factor weighs in favor of default judgment.

### F. Policy Favoring a Decision on the Merits

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Because the Court is compelled to accept the truth of Plaintiffs' well-pled factual allegations, and because none of the other six *Eitel* factors weigh against default judgment, this final factor does not preclude the Court from entering default judgment against Defendants.

### G. Conclusion

Six of the seven *Eitel* factors favor default judgment, and one factor weighs against it. Considering all the factors together, the Court concludes that default judgment is appropriate.

## III. Damages

"A default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D. Cal. 1997). Plaintiffs in this case seek only statutory damages, the basis for which is provided in Plaintiffs' sworn affidavits. The Arizona Wage Statute provides for a recovery of due wages in "an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A). The FLSA provides for a recovery of overtime wages plus "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Overtime wages under the FLSA are calculated as "one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1).

Plaintiff Brian Garcia alleges that his base rate of pay was $25.00 per hour. (Doc. 19-1.) Thus, his overtime rate under the FLSA is $37.50. He also alleges that he is owed compensation for 24 hours of regular work and 32 hours of overtime work. Thus, under the Arizona Wage Statute he is entitled to $1,800 (24 * $25.00 * 3) and under the FLSA he is entitled to $2,400 (32 * $37.50 * 2). Plaintiff Brian Garcia's request of $4,200 is therefore accurate and reasonable.

Plaintiff Jonathan Garcia alleges that his base rate of pay was $25.00 per hour. (Doc. 19-2.) Thus, his overtime rate under the FLSA is $37.50. He further alleges that he is owed compensation for 32 hours of regular work and 32 hours of overtime work. Thus, under the Arizona Wage Statute he is entitled to $2,400 (32 * $25.00 * 3) and under the FLSA he is entitled to $2,400 (32 * $37.50 * 2). Plaintiff Jonathan Garcia's request of $4,800 is therefore accurate and reasonable.

Plaintiff Isaias Martinez alleges that his base rate of pay was $150.00 per day and that he is owed wages for five days of uncompensated work. (Doc. 19-3.) Thus, under the Arizona Wage Statute he is entitled to $2,250 (5 * $150.00 * 3). Plaintiff Brian Garcia's request of $2,250 is therefore accurate and reasonable.

The damages sought by Plaintiffs are provided for by statute, and Plaintiffs' sworn affidavits contain information that is sufficiently detailed to permit the requisite statutory calculations. *See Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *7 (D. Ariz. Dec. 2, 2019). Plaintiffs' requested relief accurately calculates the damages that they are statutorily entitled to. Therefore, the Court will grant Plaintiffs' requested damages.

**IV.    Attorneys' Fees**

Plaintiffs also seek an award of attorneys' fees and costs. The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This award is mandatory. *Barbee v. DNSPWR2 LLC*, No. CV-20-08100-PCT-MTM, 2020 WL 6585666, at *5 (D. Ariz. Nov. 10, 2020). Plaintiffs, as the prevailing party, are therefore entitled to an award of reasonable attorneys' fees and costs. The Court defers such an award pending the filing of a motion pursuant to Local Rule of Civil Procedure 54.2.

**IT IS THEREFORE ORDERED** granting Plaintiffs' Motion for Default Judgment (Doc. 19).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter Judgment as follows:

1. Defendants shall pay, jointly and severally, $4,200 in damages to Plaintiff Brian Garcia.

2. Defendants shall pay, jointly and severally, $4,800 in damages to Plaintiff Jonathan Garcia.

3. Defendants shall pay, jointly and severally, $2,250 in damages to Plaintiff Isaias Martinez.

4. These amounts shall be subject to post-judgment interest at the statutory rate from the date of Judgment until paid.

**IT IS FURTHER ORDERED** that Plaintiffs shall have fourteen (14) days from the issuance of this Order to file a motion for reasonable attorneys' fees and costs in accordance with Local Rule of Civil Procedure 54.2.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter.

Dated this 13th day of April, 2022.

Honorable John J. Tuchi
United States District Judge

- 7 -